IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY RILEY, an Individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-1719 |
| ) | |
| GINA RIGHTER, an Individual, ) | Judge Shadur |
| BOARD OF TRUSTEES OF ) | |
| COMMUNITY COLLEGE DISTRICT ) | Magistrate Judge Nolan |
| NO. 510 COUNTY OF COOK STATE ) | |
| OF ILLINOIS, an Illinois Community ) | |
| College District, COMMUNITY ) | |
| COLLEGE DISTRICT NO. 510 ) | |
| COUNTY OF COOK STATE OF ) | |
| ILLINOIS, an Illinois Community ) | |
| College District, SOUTH SUBURBAN ) | |
| COLLEGE POLICE DEPARTMENT, ) | |
| an Illinois Community College Security ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RULE 12(b) (6) MOTION TO DISMISS

NOW COME the Defendants, by their attorney Daniel E. Cannon, Kusper & Raucci Chartered, and move this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint as set forth below. In support hereof, the Defendants state:

1.   The Complaint, filed March 24, 2008, is in two counts. Count I is brought pursuant to Section 1983 against Officer Gina Righter for unlawful arrest and unlawful imprisonment, and Count II is brought pursuant to the common law of the State of Illinois and 745 ILCS 10/9-102 against all defendants for malicious prosecution. A copy of the Complaint is attached as Exhibit A.

2.   As set forth below, Count II was not brought within the applicable statute of limitations.

3.     In addition, certain parties defendant are improperly named and identified.

MEMORANDUM OF LAW

It is well-settled in Illinois that the statute of limitations for a Section 1983 claim is two years. Booker v. Ward, 94 F.3d 1052, 1056 (7th Cir. 1996)(citations omitted). While Section 1983 does not contain an express statute of limitations, a federal court must adopt the forum state's limitations period for personal injury claims. Henderson v. Bolanda, 253 F. 3d 928, 931 (7th Cir. 2001) citing Wilson v. Garcia, 471 U.S. 261, 276 (1985). The correct statute of limitations for Section 1983 actions filed in Illinois is two years as set forth in 735 ILCS 5/13-202 (West 2006). Henderson, 253 F. 3d at 931.

Illinois local governmental entities and their employees, however, benefit from a one-year statute of limitations for civil actions against them, and the one-year period applies to state-law claims that are joined with a Section 1983 claim. 745 ILCS 10/8-101; Williams v. Lampe, 399 F. 3d 867, 869-870 (7th Cir. 2005). A cause of action for malicious prosecution accrues on the date the criminal proceeding is terminated in plaintiff's favor. Ferguson v. City of Chicago, 213 Ill. 2d 94, 99 (2004).

In paragraph 22 of the Complaint, the plaintiff alleges that she was tried and found not guilty of assault in the Circuit Court of Cook County on March 23, 2007. Exhibit A at par. 22. In Count II of the Complaint, the plaintiff brings a state-law claim for malicious prosecution. Exhibit A at page 5. The Complaint on its face was filed on March 24, 2008, a date beyond the one-year statute of limitations and, accordingly, Count II should be dismissed.

The Illinois Public Community College Act establishes the name by which a community college may sue or be sued at 110 ILCS 805/3-11 and, accordingly, the correct name for purposes of suit in the case at bar is "Board of Trustees of Community College District No. 510,

County of Cook, State of Illinois." The other names used in the Complaint are not separate entities and should be stricken.

WHEREFORE, the Defendants move this Honorable Court to enter an order dismissing Count II of the Complaint and striking the redundant names of the Defendant College as necessary, and for such other and further order as the Court deems appropriate.

Respectfully submitted,

By: ___s/Daniel E. Cannon___
      Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, Illinois 60602
(312) 332-5000
(312) 332-4663 (fax)
ARDC No. 6180109
Attorney for Defendants

# EXHIBIT A

RECEIVED
APR 1 6 2008
BY:_____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY RILEY, an Individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GINA RIGHTER, an Individual, ) <br> BOARD OF TRUSTEES OF ) <br> COMMUNITY COLLEGE DISTRICT ) <br> NO. 510 COUNTY OF COOK STATE ) <br> OF ILLINOIS, an Illinois Community ) <br> College District, COMMUNITY ) <br> COLLEGE DISTRICT NO. 510 ) <br> COUNTY OF COOK STATE ) <br> OF ILLINOIS, an Illinois Community ) <br> College District, SOUTH SUBURBAN ) <br> COLLEGE, an Illinois Community ) <br> College, SOUTH SUBURBAN ) <br> COLLEGE POLICE DEPARTMENT, ) <br> an Illinois Community College ) <br> Security Department, ) <br> ) <br> Defendants. ) | Case No. <br><br> Jury Trial Demanded <br><br> FILED: MARCH 24, 2008 <br> 08CV1719      TG <br> JUDGE SHADUR <br> MAGISTRATE JUDGE NOLAN |

## COMPLAINT

**NOW COMES SHIRLEY RILEY**, by and through her attorney Jason W. Bruce, and complains against GINA RIGHTER, an individual, the BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 510 COUNTY OF COOK STATE OF ILLINOIS, an Illinois Community College District, COMMUNITY COLLEGE DISTRICT NO. 510 COUNTY OF COOK STATE OF ILLINOIS, an Illinois Community College District, SOUTH SUBURBAN COLLEGE, an Illinois Community College, and SOUTH SUBURBAN COLLEGE POLICE DEPARTMENT, an Illinois Community College Security Department, pursuant to 42 U.S.C. Section 1983 and the common law of the State of Illinois, and

in support thereof states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction and venue of this Court are invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983; the Judicial Code, 28 U.S.C. Section 1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction as codified in 28 U.S.C. Section 1367(a).

## PARTIES

2. Plaintiff Shirley Riley is and was at all time herein a citizen of the State of Illinois and of the United States. As of the date hereof, Plaintiff is 57 years of age.

3. Defendant Community College District No. 510 County of Cook State of Illinois is an Illinois Community College District created under the Illinois Community College Act of 1965 (the "District").

4. Defendant the Board of Trustees of Community College District No. 510 County of Cook State of Illinois (the "Board") is comprised of individuals elected or appointed pursuant to 110 ILCS 805/3-7 and 110 ILCS 605/7-3.

5. Defendant South Suburban Community College is a public community college existing in the District. South Suburban Community College is located in the City of South Holland, County of Cook, State of Illinois.

6. Defendant South Suburban College Police Department is a security department vested with police powers pursuant to 110 ILCS 805/3-42.1.

7. Defendant Gina Righter is a police officer employed by the South Suburban College Police Department.

## FACTS

8. On August 29, 2006, at approximately 6:15 p.m., Plaintiff visited

2

the financial aid office on the second floor of South Suburban Community College.

9. At or around the same time, Defendant Gina Righter, then on duty as a South Suburban College Police Officer, began following Plaintiff.

10. Plaintiff thereafter left the financial aid office and traveled to the restroom.

11. Plaintiff then left the restroom, traveled down a flight of stairs to the first floor, and walked outside to a parking lot.

12. Officer Righter followed Plaintiff to the restroom, down the flight of stairs, and outside to the parking lot.

13. While in the parking lot, Officer Righter detained Plaintiff and asked Plaintiff is she had been drinking.

14. Plaintiff stated "no," and "I have something to do. So I'm going to go ahead, you know." Plaintiff then began to head to her car.

15. Officer Righter then told Plaintiff that she could not allow Plaintiff to leave.

16. Plaintiff again told Officer Righter that she had to go, and Officer Righter again told Plaintiff that she could not allow her to go.

17. Thereafter, another police officer approached.

18. Officer Righter then handcuffed Plaintiff and took her in to custody.

18. When the second police officer approached, Plaintiff turned to him and said, "Sir, are you going to let her do this to me?"

19. Plaintiff was thereafter transported to the police station where she remained in custody for a period of time.

20. At the time of her detention and arrest, Plaintiff was not

3

intoxicated and was not violating any laws.

21. Thereafter, Officer Righter signed but did not swear to a criminal complaint alleging that Plaintiff had committed the crime of assault.

22. On March 23, 2007, Plaintiff was tried in a bench trial before the Hon. Edward Antionetti in the Circuit Court of Cook County, Illinois, and found not guilty.

23. As a consequence of the arrest, imprisonment, and resulting charges, Plaintiff experienced such a degree of stress, anxiety, and mental anguish that her defense attorney caused a mental examination to occur for purposes of determining her fitness to stand trial.

24. As a consequence of the arrest, imprisonment, and charges, Plaintiff suffered a heart attack.

## COUNT I
## (42 U.S.C. Section 1983)
### (Unlawful Arrest And Unlawful Imprisonment Against Officer Righter)

25. Plaintiff restates and realleges all previous paragraphs as her allegations for this paragraph, as though fully set forth herein.

26. On August 29, 2006, Officer Righter had no reasonable suspicion that Plaintiff had committed a crime.

27. On August 29, 2006, Officer Righter had no probable cause to believe that Plaintiff had committed a crime.

28. Officer Righter detained Plaintiff without probable cause, arrested Plaintiff without probable cause, and imprisoned Plaintiff or caused Plaintiff to be imprisoned without probable cause or due process, in violation of and depriving Plaintiff of her constitutional rights under the Fourth, Fifth, and

Fourteenth Amendments of the United States Constitution.

29. Officer Righter was acting under color of State law.

30. As a proximate cause of Plaintiff's false detention, false arrest, and false imprisonment, Plaintiff suffered extreme mental anguish culminating in a heart attack.

**WHEREFORE**, Plaintiff respectfully asks this Court to enter judgment against Gina Righter and in favor of Plaintiff and awarding Plaintiff compensatory damages in an amount to be determined, punitive damages in an amount to be determined, attorney's fees, costs, and such other relief as this Court deems equitable and just.

## COUNT II

### (Common Law of the State of Illinois and 745 ILCS 10/9-102)
### (Malicious Prosecution Against All Defendants)

30. Plaintiff restates and realleges all previous paragraphs as her allegations for this paragraph, as though fully set forth herein.

31. Officer Righter failed to swear to the criminal complaint charging assault until the day of trial.

32. Officer Righter charged Plaintiff with assault with malice and with no probable cause.

33. Officer Righter acted in a willful and wanton manner in charging Plaintiff with assault.

34. Plaintiff was found not guilty of assault following a bench trial.

35. Plaintiff suffered extreme mental anguish culminating in a heart attack as a proximate cause of her arrest, imprisonment, and prosecution, and therefore has suffered a special injury as a result of such prosecution.

36. Officer Richter was an employee of the South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois (the "District"), and the Board of Trustees of the District.

37. Officer Righter was acting in the course of her employment and was on duty when she charged Plaintiff with assault.

38. Officer Richter is liable for all damages proximately caused by the charges instituted against Plaintiff, including damages for medical expenses and mental anguish.

39. South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois, and the Board of Trustees of the District held Officer Righter out to be their employee or otherwise held her out to be vested with the police powers on their behalf.

40. South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois, and the Board of Trustees of the District held Officer Righter out to be their employee or otherwise held her out to be vested with the police powers on their behalf.

41. South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois, and the Board of Trustees of the District are jointly and severally liable for all damages proximately caused by the prosecution of Plaintiff, including damages for medical expenses and mental anguish.

**WHEREFORE**, Plaintiff respectfully asks this Court to enter judgment jointly and severally against Gina Righter, South Suburban College Police Department, South Suburban College, Community College District No. 510 County

of Cook State of Illinois, and the Board of Trustees of the Community College District No. 510 County of Cook State of Illinois, and in favor of Plaintiff, and awarding her compensatory damages in an amount to be determined, punitive damages in an amount to be determined, attorney's fees, costs, and such other relief as this Court deems equitable and just.

          Respectfully submitted,

          Shirley Riley,

          By: /s/ Jason W. Bruce

          One of her attorneys

Jason W. Bruce
Attorney at Law
1525 E. 53rd Street
Suite 424
Chicago, IL 60615
773-288-8007
ARDC No. 6199634
Dated: March 24, 2008