IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY RILEY, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-1719 |
| | ) | |
| GINA RIGHTER, an Individual, and | ) | Judge Shadur |
| BOARD OF TRUSTEES OF | ) | |
| COMMUNITY COLLEGE DISTRICT | ) | Magistrate Judge Nolan |
| NO. 510, COUNTY OF COOK, STATE | ) | |
| OF ILLINOIS, an Illinois Community | ) | |
| College District, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSE

NOW COME the Defendants, Gina Righter and Board of Trustees of Community College District No. 510, County of Cook, State of Illinois, by their attorney Daniel E. Cannon of Kusper & Raucci Chartered, and in answer to the Complaint, state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction and venue of this Court are invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983; the Judicial Code, 28 U.S.C. Section 1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction as codified in 28 U.S.C. Section 1367(a).

ANSWER:   The defendants admit the allegations in paragraph one (1).

### PARTIES

2. Plaintiff Shirley Riley is and was at all time herein a citizen of the State of Illinois and of the United States. As of the date hereof, Plaintiff is 57 years of age.

ANSWER:   The defendants admit the allegations in paragraph two (2).

3. Defendant Community College District No. 510 County of Cook State of Illinois is an Illinois Community College District created under the Illinois Community College Act of 1965 (the "District").

ANSWER: Paragraph three (3) requires no answer as a result of the court order terminating this party to the litigation.

4. Defendant Board of Trustees of Community College District No. 510 County of Cook State of Illinois (the "Board") is comprised of individuals elected or appointed pursuant to 110 ILCS 805/3-7 and 110 ILCS 605/7-3.

ANSWER: The defendants admit the allegations in paragraph four (4), except they deny the applicability of 110 ILCS 805/7-3 (incorrectly stated as 110 ILCS 605/7-3) since the defendant college is located in South Holland, Illinois, a city with a population of less than 500,000.

5. Defendant South Suburban Community College is a public community college existing in the District. South Suburban Community College is located in the City of South Holland, County of Cook, State of Illinois.

ANSWER: Paragraph five (5) requires no answer as a result of the court order terminating this party to the litigation.

6. Defendant South Suburban College Police Department is a security department vested with police powers pursuant to 110 ILCS 805/3-42.1.

ANSWER: Paragraph six (6) requires no answer as a result of the court order terminating this party to the litigation.

7. Defendant Gina Righter is a police officer employed by the South Suburban College Police Department.

2

ANSWER: The defendants admit that Righter is a police officer employed by the Defendant Board of Trustees of Community College District No. 510, County of Cook, State of Illinois, but deny the remaining allegations in paragraph seven (7).

## FACTS

8. On August 29, 2006, at approximately 6:15 p.m., Plaintiff visited the financial aid office on the second floor of South Suburban Community College.

ANSWER: The defendants admit the allegations in paragraph eight (8), except to state that the date was August 23, 2006.

9. At or around the same time, Defendant Gina Righter, then on duty as a South Suburban College Police Officer, began following Plaintiff.

ANSWER: The defendants admit the allegations in paragraph nine (9), but deny that Righter "began following Plaintiff," and affirmatively state that Righter was dispatched to the financial aid office after a response to a call regarding an irate subject who was possibly intoxicated.

10. Plaintiff thereafter left the financial aid office and traveled to the restroom.

ANSWER: The defendants lack knowledge or information sufficient to form an answer to the allegations in paragraph ten (10) and therefore neither admit nor deny the same.

11. Plaintiff then left the restroom, traveled down a flight of stairs to the first floor, and walked outside to a parking lot.

ANSWER: The defendants lack knowledge or information sufficient to form an answer to the allegations in paragraph eleven (11) and therefore neither admit nor deny the same.

12. Officer Righter followed Plaintiff to the restroom, down the flight of stairs, and outside to the parking lot.

3

ANSWER: The defendants deny the allegations in paragraph twelve (12), except to admit that Righter did observe the plaintiff as she exited the restroom and exited the building toward the parking lot.

13. While in the parking lot, Officer Righter detained Plaintiff and asked Plaintiff is she had been drinking.

ANSWER: The defendants deny the allegations in paragraph thirteen (13), except they admit that Righter asked the plaintiff if she had been drinking.

14. Plaintiff stated "no," and "I have something to do. So I'm going to go ahead, you know." Plaintiff then began to head to her car.

ANSWER: The defendants deny the allegations in paragraph fourteen (14).

15. Officer Righter then told Plaintiff that she could not allow Plaintiff to leave.

ANSWER: The defendants deny the allegations in paragraph fifteen (15).

16. Plaintiff again told Officer Righter that she had to go, and Officer Righter again told Plaintiff that she could not allow her to go.

ANSWER: The defendants deny the allegations in paragraph sixteen (16).

17. Thereafter, another police officer approached.

ANSWER: The defendants admit the allegations in paragraph seventeen (17).

18. Officer Righter then handcuffed Plaintiff and took her in to custody.

ANSWER: The defendants admit the allegations in paragraph eighteen (18), and affirmatively state that the plaintiff was handcuffed and taken into custody after the plaintiff stated to Righter that she would "kick her ass."

18. When the second police officer approached, Plaintiff turned to him and said, "Sir, are you going to let her do this to me?"

4

ANSWER:   The defendants deny the allegations in the second-numbered paragraph eighteen (18).

19.   Plaintiff was thereafter transported to the police station where she remained in custody for a period of time.

ANSWER:   The defendants admit the allegations in paragraph nineteen (19) and affirmatively state that the plaintiff was escorted to the campus police department where she remained until her uncle arrived and posted $1,000 bond on an assault charge, at which point the plaintiff was released.

20.   At the time of her detention and arrest, Plaintiff was not intoxicated and was not violating any laws.

ANSWER:   The defendants lack knowledge or information sufficient to answer the allegations as to whether the plaintiff was intoxicated, and deny the remaining allegations in paragraph twenty (20).

21.   Thereafter, Officer Righter signed but did not swear to a criminal complaint alleging that Plaintiff had committed the crime of assault.

ANSWER:   The defendants admit the allegations in paragraph twenty-one (21), except they deny that Righter did not swear to the criminal complaint.

22.   On March 23, 2007, Plaintiff was tried in a bench trial before the Hon. Edward Antionetti in the Circuit Court of Cook County, Illinois, and found not guilty.

ANSWER:   The defendants admit the allegations in paragraph twenty-two (22).

23.   As a consequence of the arrest, imprisonment, and resulting charges, Plaintiff experienced such a degree of stress, anxiety, and mental anguish that her defense attorney caused a mental examination to occur for purposes of determining her fitness to stand trial.

ANSWER:   The defendants admit that there was a determination of fitness to stand trial, but lack knowledge or information sufficient to either admit or deny the remaining allegations in paragraph twenty-three (23).

24.   As a consequence of the arrest, imprisonment, and charges, Plaintiff suffered a heart attack.

ANSWER:   The defendants lack knowledge or information sufficient to either admit or deny the allegations in paragraph twenty-four (24).

## COUNT I

### (42 U.S.C. Section 1983)

**(Unlawful Arrest And Unlawful Imprisonment Against Officer Righter)**

25.   Plaintiff restates and realleges all previous paragraphs as her allegations for this paragraph, as though fully set forth herein.

ANSWER:   The defendants restate their answers to all previous paragraphs as if set forth here.

26.   On August 29, 2006, Officer Righter had no reasonable suspicion that Plaintiff had committed a crime.

ANSWER:   The defendants deny the allegations in paragraph twenty-six (26).

27.   On August 29, 2006, Officer Righter had no probable cause to believe that Plaintiff had committed a crime.

ANSWER:   The defendants deny the allegations in paragraph twenty-seven (27).

28.   Officer Righter detained Plaintiff without probable cause, arrested Plaintiff without probable cause, and imprisoned Plaintiff or caused Plaintiff to be imprisoned without probable cause or due process, in violation of and depriving Plaintiff of her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

ANSWER: The defendants deny the allegations in paragraph twenty-eight (28).

29. Officer Righter was acting under color of State law.

ANSWER: The defendants admit the allegations in paragraph twenty-nine (29).

30. As a proximate cause of Plaintiff's false detention, false arrest, and false imprisonment, Plaintiff suffered extreme mental anguish culminating in a heart attack.

ANSWER: The defendants lack knowledge or information sufficient to admit or deny the allegations regarding the plaintiff's heart attack, and deny the remaining allegations in paragraph thirty (30).

## COUNT II

### (Common Law of the State of Illinois and 745 ILCS 10/9-102)

### (Malicious Prosecution Against All Defendants)

30. Plaintiff restates and realleges all previous paragraphs as her allegations for this paragraph, as though fully set forth herein.

ANSWER: The defendants restate their answers to all previous paragraphs as if set forth here in answer to the second-numbered paragraph thirty (30).

31. Officer Righter failed to swear to the criminal complaint charging assault until the day of trial.

ANSWER: The defendants admit the allegations in paragraph thirty-one (31).

32. Officer Righter charged Plaintiff with assault with malice and with no probable cause.

ANSWER: The defendants admit that the Plaintiff was charged with assault, but deny the remaining allegations in paragraph thirty-two (32).

7

33. Officer Righter acted in a willful and wanton manner in charging Plaintiff with assault.

ANSWER: The defendants deny the allegations in paragraph thirty-three (33).

34. Plaintiff was found not guilty of assault following a bench trial.

ANSWER: The defendants admit the allegations in paragraph thirty-four (34).

35. Plaintiff suffered extreme mental anguish culminating in a heart attack as a proximate cause of her arrest, imprisonment, and prosecution, and therefore has suffered a special injury as a result of such prosecution.

ANSWER: The defendants lack knowledge or information sufficient to either admit or deny the allegations in paragraph thirty-five (35).

36. Officer Righter was an employee of the South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois (the "District"), and the Board of Trustees of the District.

ANSWER: The defendants admit the allegations in paragraph thirty-six (36), except they deny that Righter was an employee of the Police Department.

37. Officer Righter was acting in the course of her employment and was on duty when she charged Plaintiff with assault.

ANSWER: The defendants admit the allegations in paragraph thirty-seven (37).

38. Officer Righter is liable for all damages proximately caused by the charges instituted against Plaintiff, including damages for medical expenses and mental anguish.

ANSWER: The defendants deny the allegations in paragraph thirty-eight (38).

39. South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois, and the Board of Trustees

of the District held Officer Righter out to be their employee or otherwise held her out to be vested with the police powers on their behalf.

ANSWER:    The defendants admit the allegations with respect to Righter and the Board of Trustees, but deny the remaining allegations in paragraph thirty-nine (39).

40.    South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois, and the Board of Trustees of the District held Officer Righter out to be their employee or otherwise held her out to be vested with the police powers on their behalf.

ANSWER:    The defendants restate their answer to paragraph thirty-nine (39) as their answer to paragraph forty (40).

41.    South Suburban College Police Department, South Suburban College, Community College District No. 510 County of Cook State of Illinois, and the Board of Trustees of the District are jointly and severally liable for all damages proximately caused by the prosecution of Plaintiff, including damages for medical expenses and mental anguish.

ANSWER:    The defendants deny the allegations in paragraph forty-one (41).

WHEREFORE, the defendants pray that judgment be entered in their favor and against the plaintiff, and for such other and further relief as the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY

1.    On August 23, 2006, Gina Righter was employed as police officer with all of the powers of a peace officer as set forth in 110 ILCS 805/3-42.1.

2.    On that date Righter was on duty and was dispatched to the college financial aid office in response to a call regarding an irate subject who was possibly intoxicated, said subject being the Plaintiff Shirley Riley.

9

3. Righter heard Riley speak in the financial aid office and heard Riley slurring her speech.

4. Shortly thereafter, Righter observed Riley on the second floor of the college attempting to walk down the hallway but having difficulty keeping her balance.

5. Riley approached Righter and asked directions to the cafeteria at which time Righter heard Riley speak with slurred speech and Riley informed Righter that she was going out to her car.

6. Righter observed Riley exit the main entrance of the college and stumble across the street toward the college parking lot.

7. Righter approached Riley and asked Riley if she was under the influence of alcohol or drugs, and Riley refused to answer.

8. Riley became upset and began flailing her arms in the air, hitting Righter in the face with a set of keys.

9. Righter attempted to calm Riley, but Riley shook her fist in Righter's face and threatened to "kick her ass."

10. Righter placed Riley under arrest and took her to the college police department office, processed Riley on a charge of assault.

11. A person who identified himself as Mr. Sims, Riley's uncle, arrived at the college and was allowed to speak to Riley with Righter present.

12. Sims stated to Righter that Riley's behavior was unusual and out of character for her.

13. Sims expressed concern over Riley driving her automobile, posted $1,000 in bond, and provided transportation for Riley.

14. Righter was performing a discretionary duty as a police officer and her actions in arresting and charging Riley were within the bounds of the law.

                                       Gina Righter and Board of Trustees of
Community College District No. 510,
County of Cook, State of Illinois


                                  By:   s/Daniel E. Cannon
                                        Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, Illinois 60602
(312) 332-5000
(312) 332-4663 (fax)
ARDC No. 6180109
Attorney for Defendants

11

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 26, 2008, a copy of the foregoing Defendants' Answer to Complaint and Affirmative Defense was served on the attorney for the plaintiff, Jason W. Bruce, 1525 E. 53rd Street, Suite 424, Chicago, Illinois 60615, by electronic transmission via the Case Management/Electronic Case Filing System of the U.S. District Court for the Northern District of Illinois.

                                                     s/Daniel E. Cannon
                                                     Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, Illinois 60602
(312) 332-5000
(312) 332-4663 (fax)
ARDC No. 6180109
Attorney for Defendants