IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

SHIRLEY RILEY,                  )
                                )
          Plaintiff,             )
                                )
     v.                          )    No.  08 C 1719
                                )
GINA RIGHTER, et al.,            )
                                )
          Defendants.            )

                       MEMORANDUM ORDER

     During yesterday's motion call this Court denied orally the defense motion to exclude from the trial of this action the report and opinion testimony by Dr. George Coles, Jr., ruling instead (1) that a revised report conforming to all of the requirements of Fed. R. Civ. P. 26(a)(2)(B) would have to be prepared and delivered to defense counsel on or before February 23 and (2) that a status hearing would take place at 9 a.m. March 2 to discuss the matter further.  Since then this Court, in the course of its weekly review of the most recent batch of slip opinions from our Court of Appeals, has noted--and calls to counsels' attention--the January 28 opinion in Gayton v. McCoy, No. 08-2187, 2010 WL 308756, at *7, which states in part:

> As we have held on many occasions, an expert need not
> testify with complete certainty about the cause of an
> injury; rather he may testify that one factor could
> have been a contributing factor to a given outcome.
> See Walker v. Soo Line R. Co., 208 F.3d 581, 587-88
> (7th Cir. 2000).  The possibility that a cause other
> than Taylor's vomiting was ultimately responsible for
> her injury is properly left for exploration on
> cross-examination.  See id.; Cooper [v. Carl A. Nelson
> Co.], 211 F.3d [1008], 1021 [(7th Cir. 2000)]("The

possibility of Mr. Cooper's [chronic pain syndrome] being attributable to a factor other than the fall is a subject quite susceptible to exploration on cross-examination by opposing counsel.  Similarly, the accuracy and truthfulness of the underlying medical history is subject to meaningful exploration on cross-examination and ultimately to jury evaluation.  Therefore, Nelson's contention that other conditions of Mr. Cooper's might have caused his CPS goes to the weight of the medical testimony, not its admissibility.").  Further, whether the cause put forth by a qualified expert actually proximately caused the injury at issue is a question for the jury at trial; a district court should only evaluate whether an expert's conclusion on causation was reasoned and based on a reliable methodology.  <u>Cooper</u>, 211 F.3d at 1015 ("Although the existence of a duty must be determined as a matter of law, the question of whether there was a breach of that duty and an injury proximately caused by that breach are questions of fact for the jury.").

No ultimate ruling on the subject is of course expressed here.  Instead counsel are advised that the just-quoted authority will be taken into account in the evaluation of the revised report.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 10, 2010

2