07389.001 TL/db 10-27-10

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHIRLEY RILEY, an Individual ) | |
| ) | Case No. 08 CV 1719 |
| Plaintiff, ) | |
| ) | Judge Shadur |
| v. ) | |
| ) | |
| GINA RIGHTER, an Individual, BOARD ) | |
| OF TRUSTEES OF COMMUNITY ) | |
| COLLEGE DISTRICT NO. 510 COUNTY ) | |
| OF COOK STATE OF ILLINOIS, an Illinois) | |
| Community College District, COMMUNITY) | |
| COLLEGE DISTRICT NO.510 COUNTY ) | |
| OF COOK STATE OF ILLINOIS, an Illinois) | |
| Community College District, SOUTH ) | |
| SUBURBAN COLLEGE, an Illinois ) | |
| Community College, SOUTH SUBURBAN) | |
| COLLEGE POLICE DEPARTMENT, an ) | |
| Illinois Community College Security ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE
### (SEEKING TO BAR PLAINTIFF FROM CALLING DAVY CADY AS A WITNESS OR ELICITING ANY TESTIMONY IN SUPPORT OF A CUSTOM, POLICY AND PRACTICE (MONELL) CLAIM AGAINST THE BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 510)

**NOW COMES** the Defendants, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT 510, COUNTY OF COOK, STATE OF ILLINOIS by and through its attorneys, HISKES, DILLNER, O'DONNELL, MAROVICH & LAPP, LTD. and for its Motion in Limine to Bar Plaintiff from calling Davy Cady or presenting a criminal complaint involving Davy Cady at trial states as follows:

Plaintiff on its portion of the Pretrial Order identified Davy Cady as a witness that Plaintiff

"may call" and also identified Plaintiff's Exhibit No. 14 as "Davy Cady Criminal Complaint". In the Pretrial, Defendants objected to the Exhibit and also stated that Defendants would file a Motion in Limine to bar the testimony of Davy Cady at trial.

On March 24, 2008, Plaintiff filed her Complaint in this matter. The Complaint is a two-count Complaint with Count I being a 42 U.S.C. Section1983 claim against Officer Gina Righter for Unlawful Arrest. Count II is a state law claim against Officer Gina Righter and The Board of Trustees of Community College District No. 510 for Malicious Prosecution and Indemnification. Plaintiff has never amended her Complaint. The prayer for relief in Count I of Plaintiff's Complaint (the Section 1983 Count) states as follows:

> "WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Gina Righter and in favor of Plaintiff and awarding Plaintiff compensatory damages in an amount to be determined, punitive damages in an amount to be determined, attorney's fees, costs and such other relief as this Court deems equitable and just".

Early in the litigation, Defendants served its "First Set of Interrogatories to Plaintiff" on Plaintiff and on or about September 19, 2008, Plaintiff answered said Interrogatories and returned them to Defendants. As part of the Interrogatories Defendants served on Plaintiff was Interrogatory number 14 which requested the following information from Plaintiff:

> "14. Identify by name, address, and telephone number any witness that you may call to testify at trial, and state the subject matter of each such person's testimony."

Plaintiff's answer to Interrogatory number 14 was as follows:

"ANSWER: Treating physicians. Shirley Riley. Donald Stewart."

At no time has Plaintiff ever provided Defendants with a supplemental answer to Interrogatory number 14 which identified an individual by the name of DAVY CADY. At no time

has Plaintiff provided Defendants with any discovery which identified DAVY CADY as a witness or possible witness in this case.

If it was Plaintiff's intention to make a <u>Monell</u> claim against Gina Righter's employer, Plaintiff should have plead a custom, policy and practice against the employer and Plaintiff should have disclosed DAVY CADY as the lone witness and basis for making such a claim.

Having failed to include such a claim as an allegation in the Complaint or as part of the prayer for relief in the Complaint and never having disclosed DAVY CADY as a possible witness, Plaintiff should not be allowed to call DAVY CADY as a witness at trial or elicit any testimony or attempt to offer any proof at trial in support of a Monell claim.

WHEREFORE, the Defendants request that this Honorable Court bar the Plaintiff from calling Davy Cady as a witness at trial and bar the Plaintiff from introducing the criminal complaint involving Davy Cady at trial and for such other and further relief as this Court deems fair and equitable.

Respectfully submitted,

By: /s/ Timothy C. Lapp
One of Defendant's Attorneys

Timothy C. Lapp
HISKES, DILLNER, O'DONNELL,
MAROVICH & LAPP, LTD.
16231 Wausau Avenue
South Holland, IL 60473
(708) 333-1234
Atty. No. 44418

N:\Word\TIM\SOUTH SUBURBAN COLLEGE\001-Def of 1983 Claim\MOTION IN LIMINE